MEMORANDUM
TO THE HONORABLE FREDERIC BLOCK
United States District Judge

RE: COVAN, William
DKT: 98-CR-476
<u>STATUS REPORT</u>

Reference is made to our last correspondence of May 3, 2005, wherein we advised that the above-captioned offender was arrested on April 14, 2005. Since that notification, the undersigned officer has concluded the investigation of the arrest, as well assd successfully placed Covan in a residential treatment facility.

According to the arresting detective, the police were advised by a local business owner that a white-box truck bearing a specific license plate, had been frequenting a location at the same time of day for the last several weeks, and that the driver of the truck was selling drugs. The detective established surveillance at the specific location on April 14, 2005, and just as the business owner had reported, the white-box truck, driven by the offender, appeared at the specified time. Covan was observed picking-up Jimmy Fanfan, a convicted felon who is facing violation charges with state parole, based on the above mentioned arrest. The white-box truck departed the area and failed to signal, thereby providing the legal means to stop the vehicle. Upon approaching the vehicle, the detective observed 7 glassines of heroin between the front seats. Fanfan was observed stuffing heroin inside his pockets, and found to possess 8 glassines of heroin on his person. Also recovered from the truck floor were empty bottles of methadone, which the offender had informed were his. The offender was extremely nervous, but cooperative during the arrest. The District Attorney's office has reduced Covan's charges to Criminal Possession of a Controlled Substance 7th degree: Narcotic Drug with Intent to Sell, a misdemeanor, based on the fact that he did not have the heroin on his person. The detective is willing to testify during a violation hearing should Your Honor be so inclined.

On February 16, 2005, we notified the Court that the offender had relapsed with heroin on January 24, and February 1, 2005. The probation department allowed Covan to remain in outpatient treatment with the understanding that should he miss any scheduled treatment, or test positive, he would be required to participate in a residential treatment program. Covan missed at least three treatment sessions in March and three in April, and also made excuses when directed to report to provide urines to the undersigned. Covan also refused to report on April 7, 2005, to address his non-compliance. He was subsequently arrested on April 14, 2005, and failed to report his arrest to the undersigned officer. The offender was not responsive to the undersigned's calls, and again failed to report on April 29, 2005, to discuss his non-compliance with treatment and his arrest. On May 3, 2005, the offender was directed to report on May 4, 2005, at 9:30 am to be transported to Riverside Support Center, a residential drug treatment facility. After much hesitation and attempted delays, the offender ultimately reported at 12:20 pm to commence residential treatment. Covan remains at the facility, however, is just starting

Page 1

to move past the initial stage of denial. He continues however, to refute his participation in his most recent arrest.

Although possession of drugs is a mandatory revocation, we are recommending that should Covan remain in the residential treatment for at least three months and continue to address his addiction, that violation proceedings not be initiated. We believe that Covan's heroin addiction has been the catalyst behind his two arrests during supervision. If he finally admits his long time addiction and follows the treatment regimen, all those concerned will be better served. Additionally, we intend to have the offender resume his home confinement (it had to be stopped for participation in treatment) immediately upon his successful discharge from Riverside Support Center. However, should Your Honor prefer that we proceed with violation action, we will of course oblige.

Respectfully Submitted:

Tony Garoppolo
Chief U.S. Probation Officer

PREPARED BY: *Lisa Gjelaj*
LISA A. GJELAJ
U.S. Probation Officer

APPROVED BY: *Darcy Zavatsky*
DARCY A. ZAVATSKY
Supervising U.S. Probation Officer

Date: May 19, 2005

☑ Do not proceed with violation and allow offender to complete residential treatment and complete home confinement thereafter.

☐ Proceed with a violation of supervised release following discharge from residential treatment.

☐ Other _____

_____          June 6, 2005
U.S. District Judge                          Date

Page 2